IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KELLY M. PERKINS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, | * | No. 4:17cv00241-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Ms. Perkins has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because she could perform her past relevant work despite her impairments. (Tr. 20-56.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this

decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was forty-nine years old at the time of the administrative hearing. (Tr. 66.) She has a bachelor's degree in sociology and past work as a medical transcriptionist. (Tr. 69-70.)

The ALJ[1] found Ms. Perkins met the disability eligibility requirements to apply for disability insurance benefits. (Tr. 22.) She has "severe" impairments in the form of fibromyalgia and chronic fatigue syndrome. (*Id*.) The ALJ further found Ms. Perkins did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 34.)

The ALJ determined Ms. Perkins had the residual functional capacity to perform a reduced range of light work given her physical impairments. (Tr. 35.) The ALJ utilized the services of a vocational expert to determine if Plaintiff could perform her past work despite her impairments. (Tr. 55-56, 94-97.) Based in part on the expert's testimony, the ALJ concluded Ms. Perkins could perform her past work as a medical transcriptionist. (*Id*.) Accordingly, the ALJ determined Ms. Perkins was not disabled. (Tr. 56.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Petition initiating this appeal. (Doc. No. 1.)

In support of her Petition, Plaintiff first argues, "The ALJ's decision that Plaintiff's chronic fatigue syndrome, [sic] and fibromyalgia are not medically determinable impairments is not supported by substantial evidence." (Doc. No. 14 at 3-16.) However, as the Commissioner correctly argues, the ALJ found both of these impairments were "severe" impairments and thus medically determinable impairments. Accordingly, Plaintiff's argument on this point is wholly without merit.

Plaintiff also argues that the ALJ incorrectly discounted the opinion of Plaintiff's treating physician, Dennis W. Ozment, M.D. (*Id.* at 17-20.) Dr. Ozment was Plaintiff's treating doctor during the relevant time period and completed a Medical Source Document – Physical Capacity and a Fibromyalgia Residual Functional Questionnaire. In both, Dr. Ozment concluded Ms. Perkins is extremely limited. (Tr. 334, 426-427.) If found to be accurate, Dr. Ozment's opinion would likely lead to the Commissioner concluding Ms. Perkins is disabled.

The ALJ considered Dr. Ozment's opinion evidence and gave it "no weight." In doing so, the ALJ found, *inter alia*, his opinions were inconsistent with the objective medical evidence - including his own treatment notes.

Plaintiff correctly argues her treating doctor should generally be given deference. (Doc. No. 14 at 13.) But after a close review of the record, I find the ALJ could properly discount Dr. Ozment's opinions.

The United States Court of Appeals for the Eighth Circuit has reiterated:

Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating

3

> physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount Dr. Ozment's conclusions. Dr. Ozment concludes Ms. Perkins is *extremely* limited. (Tr. 426-427.) But as the Commissioner points out in her brief, the medical evidence simply fails to support such limitation. (Doc. No. 15 at 6.) And in reviewing Dr. Ozment's treatment records, I, too, fail to find support for the conclusions in his Medical Source Document and Fibromyalgia Residual Functional Questionnaire. Treatment records do reveal Ms. Perkins has had serious ongoing health issues, but not nearly as serious as Dr. Ozment reports. And as the ALJ correctly noted, these conclusions are simply inconsistent with Dr. Ozment's own evaluations and treatment notes. (Tr. 374, 407, 412, 414, 416, 418, 421.) Therefore, the ALJ could rightly discount Dr. Ozment's opinions.

It is not to say there is not objective evidence to support Ms. Perkins's allegations. Fibromyalgia and chronic fatigue syndrome are extremely difficult to gauge and I am sympathetic to her claims. Yet, I am simply unable to find support in the record to merit reversal of the ALJ's decision in this case.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Ms. Perkins has failed to meet this burden. "Disability" is the "inability to engage in any substantial gainful activity by reason of any *medically determinable* physical or mental impairment which can be expected to result in death or which has lasted or can be expected

to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The overall evidence of record simply fails to support a claim of complete disability.

Plaintiff has advanced other arguments which I have considered but find are without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Petition (Doc. No. 1) is dismissed with prejudice.

IT IS SO ORDERED this 1st day of November, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE